# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH FRANCIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-12067** |
| **JERRY GOODWIN (WARDEN)** | **SECTION: "R"(3)** |

## REPORT AND RECOMMENDATION

Petitioner, Kenneth Francis, is a state prisoner incarcerated at the David Wade Correctional Center in Homer, Louisiana. On April 2, 2016, he filed with the United States District Court for the Middle District of Louisiana a pleading titled "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241."[1] On June 28, 2016, that matter was transferred to this Court,[2] and it was subsequently allotted to United States District Judge Sarah S. Vance. On April 12, 2017, Judge Vance issued an Order and Reasons finding that petitioner's federal application challenged not the manner in which his sentence was being executed (a claim which would be properly asserted under 28 U.S.C. § 2241) but instead the actual validity of his underlying habitual offender sentence (a claim which is properly asserted only under 28 U.S.C. § 2254).[3] Therefore, Judge Vance construed

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 3.
[3] As will be explained herein, petitioner previously unsuccessfully sought relief under §2254. The undersigned surmises that petitioner made this attempt to seek relief under § 2241 in an effort to avoid the restrictions against the filing of second or successive § 2254 petitions. If so, such an "end run" simply is not allowed. As another court correctly explained in a similar case:

> By attempting to proceed under § 2241, [petitioner] merely seeks to avoid the prohibition applicable to the filing of successive petitions under 28 U.S.C. § 2254. A petitioner may not utilize § 2241, however, merely to avoid various statutory provisions specifically applicable to § 2254 actions. Relatedly, [petitioner] argues that he may resort to filing under 28 U.S.C. § 2241, because the remedy provided under 28 U.S.C. § 2254 is "inadequate or ineffective" to test the legality of his conviction. This argument is without merit. Section 2254 specifically governs any challenge to petitioner's state conviction. Section 2241 "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Section 2254 is not "ineffective" merely because the one-year statute of limitations applicable to the filing of a petition

the application as a § 2254 petition and referred the matter to the undersigned United States Magistrate Judge for a recommendation.[4] For the following reasons, it is now recommended that the petition be **DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**.

The habitual offender sentence challenged herein was imposed in 1989 in case number 325-125 on the docket of the Orleans Parish Criminal District Court.[5] However, as the state correctly noted in its response in this proceeding,[6] petitioner filed a prior challenge to that state criminal judgment in a § 2254 petition which was dismissed with prejudice as untimely. Francis v. Cooper, Civ. Action No. 04-3377 (E.D. La. Feb. 7, 2006). Thereafter, the United States Fifth Circuit denied his application for a certificate of appealability, Francis v. Cooper, No. 06-30222 (5th Cir. Nov. 6, 2006), and the United States Supreme Court denied his petition for a writ of certiorari, Francis v. Cooper, 128 S. Ct. 135 (2007).

In light of the United States District Judge's ruling that the instant application is a § 2254 petition, it necessarily follows that it is a second or successive § 2254 petition as described in 28 U.S.C. § 2244. Therefore, before it can be considered on the merits by this Court, petitioner must obtain authorization from the United States Fifth Circuit Court of Appeals as required by 28 U.S.C. § 2244(b)(3). Until such time as he obtains said authorization, this Court is without jurisdiction to

---

under § 2254 has expired or the petitioner is unable to meet the stringent gatekeeping requirements for a successive petition ….

Williams v. O'Brien, Civ. Action No. 4:06-CV-834, 2007 WL 60487 (N.D. Tex. Jan. 5, 2007) (footnotes omitted); accord Harrison v. Cain, Civ. Action No. 07-5452, 2007 WL 3120649, at *1 (E.D. La. Oct. 22, 2007).
[4] Rec. Doc. 18.
[5] State Rec., Vol. 1 of 5, minute entry dated April 17, 1989.
[6] Rec. Doc. 14.

proceed and the application should be dismissed on that basis. Smith v. Stephens, No. 4:13-CV-544, 2013 WL 3456675 (N.D. Tex. July 9, 2013).[7]

## RECOMMENDATION

It is therefore **RECOMMENDED** the federal petition for habeas corpus relief filed by Kenneth Francis be **DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION.**

It is **FURTHER RECOMMENDED** that petitioner's related pending motions, Rec. Docs. 8, 9, 16, and 17, be **DENIED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventeenth day of April, 2017.

                                                **DANIEL E. KNOWLES, III**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[7] If the District Judge prefers, however, she may instead construe the instant petition in part as a motion for authorization for the District Court to consider the second or successive claims raised herein and transfer it to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the petition. Harrison v. Cain, Civ. Action No. 07-5452, 2007 WL 3120649, at *2 (E.D. La. Oct. 22, 2007).