UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KENNETH FRANCIS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-12067 |
| JERRY GOODWIN, WARDEN | SECTION "R" (3) |

## **ORDER AND REASONS**

Petitioner Kenneth Francis moves the Court to permit him to proceed *in forma pauperis* on appeal.[1] Because Francis's arguments lack good faith, the Court DENIES petitioner's motion.

## I.  BACKGROUND

Francis is a state prisoner currently incarcerated at David Wade Correctional Center in Homer, Louisiana.[2] In 1989, Francis was found guilty by a jury and sentenced to 35 years for armed robbery, 30 years for aggravated battery, and 35 years for attempted first degree murder, with all sentences to be served concurrently.[3] The State of Louisiana filed a "multiple bill" under Louisiana's Habitual Offender Law.[4] The trial court found

---

[1]   R. Doc. 25.
[2]   R. Doc. 1 at 1.
[3]   R. Doc. 1-1 at 2.
[4]   R. Doc. 14 at 3.

Francis to be a multiple offender and sentenced him to 33 years, to be served without benefit of parole, probation or suspension of sentence.[5]

On April 6, 2016, Francis filed a petition for a writ of *habeas corpus*.[6] Francis presented this petition as a challenge to the execution of his sentence under 28 U.S.C. § 2241 because he was denied "good time" credit.[7] Under La. Stat. Ann. § 15:571.3(C)(1), an inmate sentenced as a habitual offender is not eligible for good time. The Court found that Francis's challenge to the execution of his sentence is predicated on a challenge to the validity of his underlying habitual offender sentence and thus must be brought under 28 U.S.C. § 2254 instead of § 2241.[8]

The Court construed the application as a § 2254 petition and referred the matter to Magistrate Judge Daniel E. Knowles for a Report and Recommendation.[9] Magistrate Judge Knowles determined that the petition is a second or successive petition and that Francis had not obtained authorization from the United States Court of Appeals for the Fifth Circuit as required by § 2244(b)(3).[10] Magistrate Judge Knowles thus recommended

---

5     *Id.*
6     R. Doc. 1.
7     R. Doc. 1 at 2.
8     R. Doc. 18 at 3-4.
9     *Id.* at 5.
10     R. Doc. 19 at 2.

that the petition be dismissed without prejudice for lack of subject matter jurisdiction.[11] On May 11, 2017, the Court approved the Magistrate Judge's Report and Recommendation and adopted it as its opinion.[12] Francis filed a notice of appeal[13] and now moves to proceed with his appeal *in forma pauperis*.[14]

## II. LEGAL STANDARD

A claimant may proceed with an appeal *in forma pauperis* if he meets three requirements. First, the claimant must submit "an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Based on this information, the district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998). Second, the claimant must provide the court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to

---

[11] *Id.* at 3.
[12] R. Doc. 20.
[13] R. Doc. 24.
[14] R. Doc. 25.

redress."). Third, the claimant's appeal must be "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003).

### III. DISCUSSION

Francis' motion to proceed *in forma pauperis* suggests that he is unable to pay fees related to his appeal. The motion and supporting documentation indicates that Francis's current inmate account balance is $0.00 and that he has no other assets.[15]

Francis's motion must nevertheless be denied because the arguments he intends to raise on appeal do not have an arguable basis either in law or in fact and are therefore frivolous. In his notice of appeal, Francis does not

---

15  R. Doc. 25 at 6-7.

4

challenge the Magistrate Judge's determination that his petition is second or successive.[16] He argues instead that his petition was improperly construed as a § 2254 petition.

Francis contends that his petition for *habeas corpus* relief should be considered under 28 U.S.C. § 2241 rather than § 2254 because he challenges the denial of good time and alleges that the Department of Corrections is arbitrarily denying him good time credits.[17] Disputes as to good time are properly brought under § 2241 if they challenge the "manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000); *see also Gibbs v. Cain*, No. 12-3004, 2013 WL 3490909, at *2 (E.D. La. July 10, 2013) (claim that the Department of Public Safety and Corrections exceeded its authority in denying good time should be brought under § 2241).

Yet Francis is ineligible for good time credit because of his habitual offender sentence, not the manner in which his sentence is being carried out by the Department of Corrections. *See* La. Stat. Ann. § 15:571.3(C)(1). As the Court previously determined, Francis's challenge to the validity of his habitual offender sentence must be brought under § 2254.[18] Because

---

16 R. Doc. 24.
17 *Id.* at 2-4.
18 R. Doc. 18.

5

Francis's petition is second or successive, it cannot be considered on the merits unless Francis first obtains authorization from the Fifth Circuit.

## IV. CONCLUSION

For the foregoing reasons, petitioner's motion for leave to appeal *in forma pauperis* is denied.

New Orleans, Louisiana, this __20th__ day of June, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE